People v Mathews (2020 NY Slip Op 07465)





People v Mathews


2020 NY Slip Op 07465


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Ind No. 2869/15 Appeal No. 12587 Case No. 2018-1188 

[*1]The People of the State of New York, Respondent,
v
Jonathan Mathews, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jose David Rodriguez Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered August 8, 2016, as amended September 13, 2016, convicting defendant, after a jury trial, of rape in the third degree, forcible touching, sexual abuse in the third degree and endangering the welfare of a child, and sentencing him to an aggregate term of four years, unanimously affirmed.
The trial court properly admitted the text exchange between the victim and her friend pursuant to the prompt outcry exception to the principle that "[a] witness'[s] trial testimony ordinarily may not be bolstered with pretrial statements" (People v McDaniel, 81 NY2d 10, 16 [1993] [internal citation omitted]). These text messages which occurred just after the sexual assault, while acknowledging that a sexual act had occurred did not include detailed allegations, "did not exceed the allowable level of detail," and fell well within the bounds of admissible prompt outcry evidence (see McDaniel at 18; see also People v Ludwig, 24 NY3d 221, 231-232 [2014]). In any event, any error in admitting this evidence was harmless (see id. at 230; People v Crimmins, 36 NY2d 230, 242 [1975]).
The court providently exercised its discretion in placing reasonable limits on cross-examination regarding circumstances that allegedly gave rise to hostility by the victim against defendant. The connection between these circumstances and the victim's alleged fabrication of rape charges was speculative, remote and unsupported by anything else in the record (see People v Thomas, 46 NY2d 100, 105 [1978], appeal dismissed 444 US 891 [1979]).
We perceive no basis for reducing defendant's sentence, including the 10-year period of postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020